**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

CHARLES JUNIOR MATTHEWS,
　　　　　　　*Defendant-Appellant.*

No. 03-4674

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-02-369)

Submitted: March 5, 2004

Decided: April 9, 2004

Before NIEMEYER, LUTTIG, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Junior Matthews pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000), but reserved his right to appeal the district court's denial of his motion to suppress a firearm seized from him. Finding no error in the district court's determinations, we affirm.

We review the factual findings underlying a motion to suppress for clear error and review the legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

On appeal, Matthews argues that the district court erred in denying his suppression motion because the police officers did not have the requisite reasonable suspicion that he was involved in criminal activity prior to initiating their questions to him. The Supreme Court has repeatedly held that mere police questioning is not a seizure. *INS v. Delgado*, 466 U.S. 210, 215-16 (1984); *Florida v. Bostick*, 501 U.S. 429, 434 (1991). "[T]he critical test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Bostick*, 501 U.S. at 437 (quoting *Michigan v. Chesternut*, 486 U.S. 567, 569 (1988)). The fact that a person responds to or complies with a police request does not change the consensual nature of an encounter. *Delgado*, 466 U.S. at 216.

In evaluating the consensual nature of a police-citizen encounter, we consider the following factors:

> the time, place and purposes of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the officer's statements to others present during

the encounter, the threatening presence of several officers, the potential display of a weapon by an officer, and the physical touching by the police of the citizen.

*United States v. Weaver*, 282 F.3d 302, 310 (4th Cir.), *cert. denied*, 537 U.S. 847 (2002). Application of these factors to the facts of this case convinces us that the district court correctly denied Matthews's motion to suppress.

Accordingly, we affirm Matthews's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*